**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　Plaintiff,<br><br>vs.<br><br>**MYRAIL HARRIS,**<br><br>　　　　Defendant. | Case No. CR05-0098<br><br>ORDER |

_____

This matter comes before the court pursuant to the government's motion for detention made at the defendant's initial appearance before a judicial officer. The court held an evidentiary hearing on this motion on December 2, 2005, at which the defendant was present and represented by Mark Meyer. The government was represented by Assistant United States Attorney C.J. Williams. The government's motion for detention is granted.

The defendant is charged with a conspiracy to distribute five grams or more of crack cocaine between October 2004 and June 2005. He is also charged with three counts of distribution of crack cocaine arising out of so-called controlled buy transactions. Then, on June 16, 2005, police executed a search warrant at his residence where they found a large amount of cash, some crack cocaine, and drug paraphernalia. Accordingly, the government's evidence must be considered to be strong.

The defendant was convicted in 1995 of armed robbery in Chicago for which he received a six-year term of imprisonment. Since then, he has been convicted in 2001 of interference of official acts, in 2002 of possession of a controlled substance, and in 2003

1

of a controlled substance. He is currently charged with forgery in state court in Iowa. He has been held in state court since June of this year for failure to make bond.

The defendant does not have significant employment. He worked as of July 2004 as a day laborer. He worked for Burger King for two weeks in 2002. The defendant has fathered two children but does not contribute significantly to their expenses. He could live with his mother if he were released.

## CONCLUSIONS OF LAW

Pursuant to Title 18, United States Code § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be based on a showing either of dangerousness or risk of flight, both are not required. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985). The standard is "reasonable assurance;" the court cannot order the detention because there are no conditions which would guarantee appearance and safety. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). The grounds relied upon by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence. United States v. Orta, supra.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to

2

drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e). This rebuttable presumption arises only if the defendant is charged in at least one count subject to these penalties. United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).

The rebuttable presumption of § 3142(e) creates a burden of production upon the defendant, not a burden of persuasion. The purpose of the rebuttable presumption is to shift the burden to the defendant to establish a basis for concluding that there are conditions of release sufficient to reasonably assure that the defendant will not engage in dangerous criminal activity pending trial. United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985). Although most rebuttable presumptions found in the law disappear when any evidence is presented by the opponent of the presumption, the rebuttable presumption of § 3142(e) is not such a "bursting bubble." United States v. Jessup, supra, at 383. Thus, in order to rebut the presumption, the defendant must produce some evidence; and the Magistrate Judge should still keep in mind the fact that Congress has found that certain drug offenders, as a general rule, pose special risks of flight. United States v. Jessup, supra, at 384. Although this court is unable to find any case from the Eighth Circuit Court of Appeals similarly construing the rebuttable presumption of § 3142(e), other circuits

have adopted the rationale of Jessup.  United States v. Martir, 782 F.2d 1141, 1144 (2d Cir. 1986); United States v. Diaz, 777 F.2d 1236, 1237 (7th Cir. 1985); United States v. Fortna, 769 F.2d 243, 251 (5th Cir. 1985); United States v. Hurtado, 779 F.2d 1467, 1470 (11th Cir. 1985); United States v. Alatisha, 768 F.2d 364, 371 (D.C. Cir. 1985).

In this case, it is the strength of the government's evidence, the defendant's criminal history, his lack of employment and support of his children that cause him to be detained.

The court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above.  Pursuant to the evidence and the rebuttable presumption of § 3142(e), the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community upon the defendant's release.  The court finds by a preponderance of the evidence that the release of the defendant would pose a serious risk of flight.  The defendant was advised in open court of his right to a prompt resolution of any appeal of this order.

Upon the foregoing,

IT IS ORDERED

1. That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

December 5, 2005.

*[signature]*
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT