**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. CR05-0098-LRR |
| vs. | | |
| MYRAIL HARRIS, | | ORDER |
| Defendant. | | |

This matter appears before the court on the defendant's "Petition for Sentence Modification Pursuant to Rule 35" (Docket No. 39). Aside from Rule 35 of the Federal Rules of Criminal Procedure, the defendant relies on 18 U.S.C. § 3585.[1] The defendant filed his petition on October 2, 2006. The government did not file a resistance.

Rule 35 of the Federal Rules of Criminal Procedure, in relevant part, provides:

> (a) Correcting Clear Error. Within seven days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

> (b) Reducing a Sentence for Substantial Assistance.

>> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:

>>> (A) the defendant, after sentencing, provided substantial assistance in investigation or prosecuting another person; and

>>> (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

---

[1] With respect to 18 U.S.C. § 3595, the court notes that the defendant raised the issue concerning the appropriate amount on credit he should receive in his June 13, 2006 sentencing memorandum.

(2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:

> (A) information not known to the defendant until one year or more after sentencing;

> (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(a), (b)(1-2); *see also* 18 U.S.C. § 3582(c) (stating that, except in limited circumstances, a court may not modify a term of imprisonment once it has been imposed). The court sentenced the defendant on June 27, 2006 and the government has not moved the court to reduce the defendant's sentence. Thus, Rule 35 of the Federal Rules of Criminal Procedure does not provide the defendant with authority to correct or reduce his sentence.

18 U.S.C. § 3585 directs that a defendant "be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences [if the official detention was] a result of the offense for which the sentence was imposed . . . or . . . a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . ." 18 U.S.C. § 3585(b)(1), (2).

> [T]he Attorney General, through the Bureau of Prisons, has the responsibility for computing a sentencing credit under [18 U.S.C. §] 3585(b). *United States v. Wilson*, 503 U.S. 329, 334-35, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). . . . The

> Bureau of Prisons is responsible for computing the sentence credit after the defendant has begun serving his sentence. *Wilson*, 503 U.S. at 335; *see also United States v. Moore*, 978 F.2d 1029, 1031 (8th Cir. 1992). Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and, after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241. *Wilson*, 503 U.S. at 335; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). These are the proper avenues through which [a defendant] may resolve any dispute about the length of his time in state custody.

*United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006). Clearly, the court does not have the authority to credit the time, if any, that the defendant spent in detention prior to being sentenced. Moreover, the defendant makes no assertion regarding the administrative remedies he pursued, and, rather than file a habeas corpus petition under 28 U.S.C. § 2241, the defendant elected to file the instant petition in his underlying criminal case.[2]

Based on the foregoing, the defendant's "Petition for Sentence Modification Pursuant to Rule 35" (Docket No. 39) is denied.

**IT IS SO ORDERED**.

**DATED** this 23rd day of October, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] To the extent that the defendant is asking the court to order his federal sentence to run concurrently to the sentence that the Iowa District Court in and for Linn County imposed in *State v. Harris*, No. FECR057169 (Linn County Dist. Ct. 2006), for his forgery conviction, neither Rule 35 of the Federal Rules of Criminal Procedure nor 18 U.S.C. § 3585 permits the court to take such action. Notably, the Iowa District Court in and for Linn County dismissed the three counts that were directed related to the underlying criminal offense. *See State v. Harris*, No. FECR062036 (Linn County Dist. Ct. 2006).